193 So. 704

### In re MITCHEM et al.

#### No. 35593.

#### Jan. 9, 1940.

Plauché & Plauché of Lake Charles, for relator.

C. V. Pattison, Dist. Atty., of Lake Charles, for respondents.

P. T. Sartwelle, foreman of Grand Jury.

O'NIELL, Chief Justice.

The grand jury for the parish of Calcasieu, being in session in Lake Charles, and under instructions from the judge to investigate certain charges of bribery of public officers, petitioned the judge to issue a writ of subpoena duces tecum to compel Harley A. Mitchem and Curtis M. Lewis, who were conducting some kind of business in the city, to produce all of the books and records of their business for the period beginning with the year 1936 and ending on the date of the petition,—October 9, 1939. It was alleged in the petition that the grand jury was informed and verily believed that the testimony of Mitchem and Lewis and the production of their books would disclose that they had paid certain sums of money to certain public officers as bribes. The judge ordered that the writ should be issued and it was issued as prayed for. Mitchem and Lewis, answering the writ, averred that they had not kept a systematic set of books in connection with their business, and that such books and records as they had kept were lost and could not be produced, notwithstanding a diligent search for them had been made. They pleaded in the alternative that, if any of their books or records could be located, they invoked or would invoke the protection of Section 11 of Article 1 of the Constitution, guaranteeing that no person shall be compelled to give evidence against himself in a criminal case or in any proceeding that might subject him to criminal prosecution. In their answer Mitchem and Lewis moved that the order of the judge should be rescinded, that the writ of subpoena duces tecum should be quashed and set aside, and that they should be relieved of the order to produce the books. The answer to the writ and motion to quash were assigned regularly for hearing before the judge and were taken up and heard by him in open court, contradictorily with the district attorney, representing the grand jury. The attorney for Mitchem and Lewis tendered them as witnesses to prove that no books or records were kept by them during the year 1936, that the books and records for the year 1937 were lost or destroyed more than a year and a half ago, and that such books and records as were kept during the years 1938 and 1939 were also lost and could not be found, notwithstanding a diligent search had been made for them. The district attorney objected to the testimony on the ground that Mitchem and Lewis had not yet gone before the grand jury in response to a subpoena that was served upon them as witnesses, and hence that it was possible that the grand jury

would find it unnecessary to have the books produced if Mitchem and Lewis would appear and make their explanation there. The judge sustained the objection and refused to hear any testimony on the subject. The attorney for Mitchem and Lewis excepted to the ruling of the judge and gave notice that he would apply to this court for the exercise of its supervisory jurisdiction. The case is before us on a writ of certiorari and an alternative writ of prohibition directed to the judge, the district attorney, and the grand jury, through its foreman.

All parties to the proceeding are urging that we decide whether Mitchem and Lewis are protected by the guaranty in the Bill of Rights,—Section 11 of Article 1 of the Constitution,—that no person shall be compelled to give evidence against himself in a criminal case or in any proceeding that may subject him to criminal prosecution. The district attorney argues that Mitchem and Lewis have no right to refuse to testify or to produce their books, because they are granted immunity from prosecution on the evidence which they may give, by the concluding sentence in the bribery statute, Section 8 of Act No. 59 of 1878, as amended by Section 1 of Act No. 162 of 1920, Dart's Criminal Statutes, Section 795,—viz:

"That upon the trial of any indictment or information, under the previous provisions of this Act, no person otherwise competent as a witness shall be disqualified or excused from testifying as such concerning the offense charged on the ground that such testimony may criminate himself, but no prosecution can afterwards be had against him concerning matters upon which he has testified."

Counsel for Mitchem and Lewis argue that that part of the statute which purports to grant immunity to witnesses in bribery cases is applicable only to witnesses testifying on the trial of the case, under an indictment or a bill of information, charging a third person with the crime referred to. Hence it is argued that the statute, in so far as it purports to grant immunity to a witness, is not applicable to a witness testifying before the grand jury when no one has been indicted or formally charged with the crime of bribery. On the other hand, it is declared in Section 13 of Article 19 of the Constitution that any person may be compelled to testify in any lawful proceeding against any one who may be charged with having committed the offense of bribery, and shall not be permitted to withhold his testimony upon the ground that it may incriminate him or subject him to public infamy, but such testimony shall not be used afterwards against him in any judicial proceeding, except for perjury in giving the testimony.

The question, therefore, whether Mitchem and Lewis may be compelled to appear as witnesses before the grand jury and produce their books for the purpose of showing that they bribed certain public officers would be a serious question if we were obliged to decide it in this case. But the only question that is properly before us is whether the judge was right or wrong in sustaining the objection of the district attorney to the testimony of Mitchem and

Lewis to show that the books which were called for were lost or destroyed, and therefore could not be produced. Our opinion is that the ruling was wrong. The judge should have ruled upon the objection, instead of referring the matter to the grand jury for determination. The grand jury was the party who obtained the order for the production of the books, and hence was not the party to decide whether the reason given by Mitchem and Lewis for failing to produce the books was a valid and sufficient reason. The judge who granted the order was the only party who had authority to decide whether the reason given for not obeying the order was a valid and sufficient reason. The judge should have overruled the objection to the testimony of Mitchem and Lewis, because if in fact the books were lost or destroyed, and if for that reason they could not be produced, Mitchem and Lewis should have been relieved of the order to produce them. There is no necessity for deciding now whether Mitchem and Lewis will be protected by the provisions of Section 11 of Article 1 of the Constitution against the order to produce the books if the evidence should show that they are not lost or destroyed.

The ruling of the district judge sustaining the objection of the district attorney to the testimony of the relators, Harley A. Mitchem and Curtis M. Lewis, to show that their books were lost or destroyed, is reversed; the objection is overruled; and the matter is ordered to be proceeded with according to the opinion which we have rendered.